UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA ANNA COCO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAREPOINT HEALTH, *et al.*,<br><br>　　　　Defendants. | Case No. 22–cv–06100–CCC–ESK<br><br><br>OPINION AND ORDER |

**KIEL**, U.S.M.J.

**THIS MATTER** is before the Court on plaintiff's motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. §1915(e)(1) (Motion). (ECF No. 13.) For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Between October 16 and 17, 2020, plaintiff was a patient at Carepoint Health Hoboken University Hospital. (ECF No. 1 p. 1.) She brings various claims against the defendant hospital and its administration for denying her proper treatment and forcing her to wear a facemask. (*Id.* pp. 2–5.) Plaintiff alleges defendants discriminated against her because of her age, alleged disability, and national original and that their conduct amounted to willful criminal misconduct under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1961–1968. (*Id.* p. 2.)

## PROCEDURAL HISTORY

Plaintiff filed the complaint on October 14, 2022. (ECF No. 1.) On November 14, 2022, plaintiff filed her initial motion for the appointment of *pro bono* counsel (Initial Motion). (ECF No. 7.) The Initial Motion was denied

without prejudice on November 15, 2022 pending resolution of her application to proceed *in forma pauperis*. (ECF No. 9.) After District Judge Claire C. Cecchi granted plaintiff's *in forma pauperis* application on February 28, 2023 (ECF No. 10), plaintiff filed the Motion (ECF No. 13). The parties appeared before me on March 17, 2023 for an initial scheduled conference. (See minute entry after ECF No. 13.)

## MOTION FOR *PRO BONO* COUNSEL

In support of the Motion, plaintiff asserts that she: (1) "cannot afford to hire an attorney"; and (2) will be presented with "nearly unsurmountable" challenges as "someone without any [legal] expertise." (ECF No. 13 p.3.) Plaintiff explains that while she has attempted to retain an attorney, no attorney is willing to take her case on a contingency fee basis because it is "more of a civil rights than … medical malpractice case" and is of "controversial nature." (*Id.*) Defendants filed no opposition to the Motion.

## ANALYSIS AND DISCUSSION

The Court has the discretion to appoint attorneys to represent litigants who are unable to afford counsel. 28 U.S.C. §1915(e)(1). The appointment of counsel in a civil case is a privilege, not a statutory or constitutional right. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The decision to appoint counsel "must be made on a case-by-case basis." *Id.* at 157–58. The Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

The decision to appoint *pro bono* counsel for a plaintiff proceeding *in forma pauperis* involves a two-step analysis. *Howard v. Reyes*, No. 18-00800, 2020 WL 3958483, at *2 (D.N.J. July 13, 2020). "As a threshold matter, a … court must assess whether the [plaintiff's] case has some "arguable merit in fact and law."

2

*Montgomery*, 294 F.3d at 498–99.   Once a claimant overcomes this "threshold hurdle," a court should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses; and
> (6) whether the plaintiff can attain and afford counsel on his [or her] own behalf

*Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997) (noting that "[t]his list of factors is not exhaustive … [and] should serve as a guidepost"); *Tabron*, 6 F.3d at 155–56.

For the purposes of the Motion, I will consider plaintiff to have met the "threshold hurdle['s]" short and plain statement requirement and will assume her claim has arguable merit.   However, as to the fist factor of the second-step of the analysis, there is no indication at this very early stage as to whether plaintiff is able to present her case.   The underlying factual and legal issues have not yet been tested or developed by the general course of litigation.   Thus, "factors [two through five] … [are] particularly difficult to evaluate" and weigh against granting the Motion.   *Howard*, 2020 WL 3958483, at *2 (quoting *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-04122, 99-04233, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000)).   While plaintiff's financial circumstance weighs in plaintiff's favor, factor six alone is not enough to justify the appointment of *pro bono* counsel. *See Christy v. Robinson*, 216 F.Supp.2d 398, 410 (D.N.J. 2002).   The Motion will, hence, be denied without prejudice.

3

## **ORDER**

Accordingly, and for the reasons stated above,

**IT IS** on this   **3rd** day of **April 2023**   **ORDERED** that:

1. The Motion is **DENIED**.

2. The Clerk of the Court is directed to terminate the Motion at **ECF No. 13**.

3. The Clerk of the Court is directed to transmit a copy of this opinion and order to plaintiff by regular mail.

                                             */s/ Edward S. Kiel*
                                             **EDWARD S. KIEL**
                                             **UNITED STATES MAGISTRATE JUDGE**