NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA ANNA COCO, <br><br> Plaintiff, <br><br> v. <br><br> CAREPOINT HEALTH, CAREPOINT HEALTH HOBOKEN UNIVERSITY HOSPITAL, CHIEF EXECUTIVE OFFICER DR. ACHINTYA MOULICK, EXECUTIVE VICE PRESIDENT WILLIAM PELINO, AND CHIEF HOSPITAL EXECUTIVE ROBERT BEAUVAIS, <br><br> Defendants. | Civil Action No. 2:22-cv-06100 <br><br> **OPINION** <br><br> July 26, 2024 |

**SEMPER**, District Judge.

Currently before the Court is Defendants CarePoint Health System and HUMC Opco, LLC d/b/a CarePoint Health—Hoboken University Medical Center's[1] ("CarePoint Defendants") motion for partial summary judgment. (ECF 32.) Plaintiff Jessica Anna Coco ("Plaintiff") did not oppose the motion.[2] The motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[3] For the reasons set forth below, Defendants' motion is **GRANTED**.

---

[1] Improperly pled as CarePoint Health and CarePoint Health Hoboken University Hospital.

[2] Defendants' motion for partial summary judgment was filed on September 27, 2023. (ECF 32.) Plaintiff failed to file an opposition, and the motion was deemed unopposed. (*See* ECF 36; ECF 41.) Because Plaintiff failed to address Defendants' assertions of fact after the Court gave Plaintiff multiple opportunities to do so, the Court will grant Defendants' motion for summary judgment if the motion and supporting materials—including the facts considered undisputed—show the movant is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3); *see also Mendy v. Home Depot U.S.A., Inc.*, No. 19-00135, 2021 WL 2821189, *2 (D.N.J. July 6, 2021) (noting courts must still consider whether the party is entitled to judgment as a matter of law).

[3] Defendants' brief will be referred to as "Def. Br." (ECF 32-2.) Defendants' statement of material facts will be referred to as "DSMF." (ECF 32-3.)

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY[4]**

From October 16, 2020 through October 17, 2020, Plaintiff sought treatment at Hoboken University Medical Center ("HUMC") for "chronic cough, running nose, and itchy eyes." (Compl. at 4-12.) Plaintiff alleged that CarePoint Defendants committed gross medical negligence during her October 16 through 17 stay at HUMC. (DSMF at 2.) Plaintiff asserted CarePoint Defendants denied her stabilizing care in order to "murder [her] for insurance and Covid-19 monies and to secure [her] organs to sell on the market." (*Id.* at 5.)

Plaintiff alleged she was injured because she was forced to wear a face mask during her hospital visit. (*Id.*) She asserted that she was required to take a COVID-19 test upon admission to the hospital as part of hospital protocol. (*Id.*) Plaintiff alleged she never provided informed consent to intubation. (*Id.*) However, she was not intubated during this visit. (*Id.*)

On October 14, 2022, Plaintiff filed her Complaint alleging violations of "Title II and Ti[t]le VI of the Civil Rights Act of 1964," general violations of hospital policies "in violation of NJ State statutes and U[.]S. [f]ederal statutes[,]" medical negligence, and civil RICO violations. (Compl. at 2-3.)[5] On November 10, 2022, CarePoint Defendants filed their Answer and included a demand for an affidavit of merit. (ECF 2, Answer.) On July 27, 2023, Plaintiff moved to amend her Complaint. (ECF 24.) Judge Kiel denied the motion for failure to comply with Local Civil Rule 15.1(a). (ECF 26.) On September 27, 2023, CarePoint Defendants filed the motion for partial summary judgment now before the Court. (ECF 32.) CarePoint Defendants seek summary judgment on the medical negligence and RICO claims. (*Id.*) Plaintiff did not oppose the motion.

---

[4] Due to numbering errors and formatting irregularities in Defendants' statement of material facts and Plaintiff's Complaint, the Court will cite to page numbers rather than paragraph numbers.

[5] In their motion for partial summary judgment, CarePoint Defendants note that Plaintiff's responses to interrogatories attempt to assert personal injury and defamation-based claims that are not asserted in her Complaint. (Def. Br. at 15.) These claims are not properly asserted by Plaintiff, and therefore will not be addressed by the Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted if the movant shows that "there is no genuine issue as to any material fact [and] the moving party is entitled to a judgment as a matter of law." *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an

3

affidavit."). Thus, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23). Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48.

Where, as here, a party fails to address another party's properly supported assertions of fact, the court may consider "grant[ing] summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e). Local Civil Rule 56.1(a) deems a movant's statement of material facts undisputed where a party does not respond or file a counterstatement. L. Civ. R. 56.1(a). A failure to dispute a party's statement of material facts, however, "is not alone a sufficient basis for the entry of a summary judgment." *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even where a local rule deeming unopposed motions to be conceded, the court was still required to analyze the movant's summary judgment motion under the standard prescribed by Fed. R. Civ. P. 56(e)); *see also Muskett v. Certegy Check Servs., Inc.*, No. 08-3975, 2010 WL 2710555, *3 (D.N.J. July 6, 2010) ("In order to grant Defendant's unopposed motion for summary judgment, where, as here, 'the moving party does not have the burden of proof on the relevant issues, . . . the [Court] must determine that the deficiencies in [the party's] evidence designated in or in connection with the motion entitle the [Movant] to judgment as a matter of law.'" (alterations in original) (quoting *Anchorage Assocs.*, 922 F.2d at 175)).

## III. ANALYSIS

### A. Medical Negligence and Affidavit of Merit

CarePoint Defendants argue that any claims asserted against it sounding in medical negligence cannot stand because Plaintiff failed to file an affidavit of merit. (Def. Br. at 10.) New Jersey's affidavit of merit statute requires that a plaintiff filing "'any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed professional' provide each defendant with 'an affidavit of an appropriate licensed person [stating] that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.'" *Nuveen Mun. Tr. v. Withumsmith Brown, P.C.*, 692 F.3d 283, 290 (3d Cir. 2012) (quoting N.J. Stat. Ann. § 2A:53A-27). This affidavit must be provided within sixty days after the defendant files its answer. N.J. Stat. Ann. § 2A:53A-27. For good cause shown, the statute provides for one extension period of an additional sixty days contiguous to the initial sixty-day period. *Id.* The statute applies to "licensed person[s]" including physicians, registered or professional nurses, and health care facilities. *Id.* § 2A:53A-26. "Absent a showing of one of four limited exceptions, the failure to file the affidavit 'shall be deemed a failure to state a cause of action.'"[6] *Nuveen*, 692 F.3d at 290-91 (citing N.J. Stat. Ann. § 2A:53A-29).

In her October 14, 2022 Complaint, Plaintiff asserted that CarePoint Defendants committed gross negligence. (Compl. at 2; DSMF at 2.) On November 10, 2022, CarePoint Defendants filed their Answer to Plaintiff's Complaint and included a demand for an affidavit of merit. (ECF 2,

---

[6] The four exceptions are: (i) a statutory exception regarding lack of information; (ii) a "common knowledge" exception; (iii) substantial compliance with the affidavit of merit requirement; or (iv) "extraordinary circumstances" that warrant equitable relief. *Nuveen*, 692 F.3d at 290 n.3 (citations omitted). Plaintiff has not demonstrated that any of the exceptions apply.

Answer.) Plaintiff did not provide CarePoint Defendants with an affidavit of merit. (DSMF at 2.) Plaintiff likewise did not provide affidavits of merit to any licensed physicians or nurses named in the complaint. (*Id.*) Plaintiff was required to do so. N.J. Stat. Ann. § 2A:53A-27. Further, Plaintiff did not request an additional sixty days contiguous to the initial sixty-day period. Because Plaintiff failed to provide CarePoint Defendants with affidavits of merit, the medical negligence claims asserted against them are **DISMISSED** with prejudice. *Nuveen*, 692 F.3d at 291

### B. RICO Claims

CarePoint Defendants argue Plaintiff's civil RICO claim fails because she has not established injury to her business or property or that CarePoint Defendants engaged in requisite predicate acts. (Def. Br. at 11-15.) "The civil RICO statute allows '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter [to] sue therefor in any appropriate United States district court.'" *Anderson v. Ayling*, 396 F.3d 265, 268-69 (3d Cir. 2005) (quoting 18 U.S.C. § 1964(c)). To bring a federal civil RICO claim under 18 U.S.C. § 1962, a plaintiff must allege: "(1) the conducting of, (2) an enterprise, (3) through a pattern, (4) of racketeering activity." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 166, 173 (D.N.J. 1998). To establish a pattern of racketeering activity, a plaintiff must allege at least two predicate acts of racketeering that occurred within ten years of each other. *See* 18 U.S.C. § 1961. Racketeering activity is defined in Section 1961(1)(B) as "any act which is indictable under" several enumerated federal laws; these federal offenses are called "predicate acts." *See* 18 U.S.C. § 1341; 18 U.S.C. § 1962(1)(B).

The RICO statute grants standing to sue to "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). "[C]ivil RICO may only be used to recover 'concrete financial loss' in the form of an injury to property or business; personal injury or emotional harm are not proper bases for a RICO claim." *Grant v. United States*, No. 21-10606,

2024 U.S. Dist. LEXIS 17267, at *13 (D.N.J. Jan. 30, 2024) (citing *Parness v. Christie*, No. 15-3505, 2015 U.S. Dist. LEXIS 109917, at *19 (D.N.J. Aug. 19, 2015); *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000); *Magnum v. Archdiocese of Phila.*, 253 F. App'x 224, 227 (3d Cir. 2007)); *see Sambade v. Barberi Constr. LLC*, No. 11-7589, 2016 U.S. Dist. LEXIS 20579, at *16 (D.N.J. Feb. 18, 2016) (dismissing claim on summary judgment for failing to establish standing to assert a civil RICO claim). Plaintiff neither alleged nor provided evidence of injury to her business or property that could form the basis of a civil RICO claim. Therefore, summary judgment on Plaintiff's civil RICO claim is **GRANTED** in favor of CarePoint Defendants, and the claim is **DISMISSED**.

### C. Failure to Serve

Defendants Achintya Moulick, William Pelino, and Robert Beauvais were never served, they never appeared on the docket or in Court, and Plaintiff has not contested their lack of appearance. A plaintiff in a federal civil action must complete service of her complaint within 90 days of filing or within a period prescribed by the district court. Fed. R. Civ. P. 4(m); *Mathies v. Silver*, 450 F. App'x 219, 221 (3d Cir. 2011) (affirming district court's dismissal of action in which plaintiff failed to effect service). If the plaintiff fails to complete service within the specified time, Rule 4(m) requires the Court to determine whether the plaintiff has shown good cause for the failure. *See Mathies*, 450 F. App'x at 221. Plaintiff has not shown proof of service or updated the Court on the status of service. Defendants Moulick, Pelino, and Beauvais have never appeared in this matter and have not otherwise litigated their defense. Accordingly, dismissal of these Defendants is warranted under Rule 4(m) and Local Civil Rule 41.1(a).

**IV.     CONCLUSION**

For the reasons stated above, CarePoint Defendants' motion for partial summary judgment (ECF 32) is **GRANTED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Stacey D. Adams, U.S.M.J.
        Parties